Green, J.
delivered the opinion of the.court.
This is an action of replevin brought by Martin as trustee against Youngblood, for a negro girl slave.
On the trial, Martin offered in evidence a deed of gift from John Martin of the negro girl in controversy, to Elizabeth Magness, Mary Martin, George P. Martin, Martha Martin, Sarah Martin, John Martin, Hardy Martin, and Harriet Martin. Below the signature of the donor, is the following: P. S. “I appoint William C. Martin, trustee to the above deed of gift.” The court refused to permit said deed to be read.
The plaintiff then proved, that on the 5th of January, 1843, John Martin, sr. made a verbal gift of said slave to the chil *583 dren of William C. Martin, accompanied with possession, and that William C. Martin was verbally constituted trustee at the same time, and as such trustee held possession of said slave adversely to all the world till she was levied on by defendant. This verbal gift was made previously to the execution of the deed of gift, which is dated the 9th of September, 1843.
The court charged the jury that the “plaintiff must show a •legal title in himself, that a parol gift does not convey a title. To be sure, if three years possession were held by virtue of it, it vests the title. But a deed of gift to the children is shown of the sam£ year. In absence of proof to the contrary his holding is presumed to be under the deed and according to the title it conveys. It conveys the title to the children, and his holding would be as guardian for them, under the deed.”
The jury found for the defendant, and the plaintiff appealed to the court:—
1st. The plaintiff insists that the court erred in rejecting the deed of gift, offered in evidence. It is true that no form of words is necessary to create a trust; but the deed in this case, is a conveyance directly to Martin’s children, vesting in them the legal title to the slave. The memorandum at the foot of the deed, that the plaintiff is appointed trustee of the deed, is no part of it; is not signed by the donor, and cannot convert the absolute conveyance into a trust. We think therefore, the court properly rejected this deed, because it did not show that the plaintiff had title to the slave, and was therefore irrelevant.
But we think his honor erred, in stating to the jury, that a deed of gift of the slave to the children had been shown, and that it is to be presumed that the plaintiff held under the deed; and must be regarded as holding, as guardian of the children.
The deed was not ip. evidence before the jury, having been excluded by the judgment of the court, and it was erroneous to refer them to a fact, not in proof, as a ground upon which to *584 base their verdict. The plaintiff had proved a verbal gift in trust, and an adverse possession of the slave in the character of trustee. In the absence of other evidence, this was sufficient to vest in him the title as trustee, by the statute of limitations, and this was all the evidence before the jury.
But if the deed had been before the jury, it should have been left to them to determine, whether the plaintiff held possession as trustee, under the verbal gift, or as guardian under the deed. The verbal gift was first made, and the possession was taken in pursuance of its terms; and it may be, that the plaintiff did not recognize the change of title mad$ by the deed, but continued to hold according to the terms of the original verbal gift; and if so, the title vested in him as trustee, notwithstanding the deed. The question is, how did the party actually hold? If possession had not been taken until the deed was made, and it had then accompanied the deed, there could be no doubt but that the plaintiff would be constrained to hold under the deed, as guardian.
But we think, if the deed wére before the jury, it should be left to them to determine as to the character in which the plaintiff actually held possession of the slaves. Reverse the judgment and remand the cause for another trial.